UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIME NUNEZ, SR.,

      Plaintiff,

v.                                          Case No: 8:15-cv-2698-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## **ORDER**

      Plaintiff, Jaime Nunez, Sr., seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### A.    **Procedural Background**

      Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning June 12, 2011. (Tr. 164-167, 192.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 100-112.) Plaintiff then requested an administrative hearing. (Tr. 113-114.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 33-55.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 12-24.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1-3.) Plaintiff then timely filed a complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff was born on July 23, 1961, and claimed disability beginning on June 12, 2011. (Tr. 164.)  Plaintiff has a high school education that he attained in Panama while residing there. (Tr. 40.)  Plaintiff's past relevant work experience included work as a laser data operator.  (Tr. 41-42, 50.)   Plaintiff alleged disability due to major dysfunction of a joint, reconstructive surgery/surgical arthrodesis of a major weight-bearing joint, disorders of the spine, depression, affective disorders, and anxiety disorder.  (Tr. 39, 207.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since June 12, 2011, the alleged onset date.  (Tr. 14.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, right lateral epicondylitis, and a history of knee replacements.  (Tr. 14.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: lift up to twenty pounds occasionally, lift and carry up to ten pounds frequently, and stand or walk and sit for approximately six hours in an eight hour workday with normal breaks.  (Tr. 16.) The ALJ also concluded that the Plaintiff can occasionally perform all postural activities including climbing ladders, ropes, scaffolds, ramps, and stairs, balancing, stooping, crouching, kneeling, and crawling.  (Tr. 16.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce

the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 17.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform his past relevant work. (Tr. 23.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform a job as a photoengraving printer, a job substantially similar to his past relevant work. (Tr. 23, 50.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 23.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled or not disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to

perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d at 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff challenges the ALJ's decision based on the contention that the ALJ erred in finding that Plaintiff could perform his past relevant work.  Plaintiff argues that the VE's testimony does not provide substantial evidence to support the ALJ's finding because the ALJ did not include Plaintiff's inability to speak, read, or write in English in his hypotheticals to the VE.  For the reasons that follow, this contention does not warrant reversal.

The social security regulations used to determine disability "place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)).  Further, the claimant bears the burden to prove that he is unable to perform his past relevant work as that job is performed in the general economy, not merely as it is performed in the specific circumstances in which the claimant worked in the past.  *See Jackson v. Bowen,* 801 F.2d 1291, 1293-94 (11th Cir. 1986).  Administrative law judges are entitled to rely on the opinions of vocational experts to determine if a plaintiff could return to their past relevant work.  *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2).  In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

Here, the ALJ relied on the VE's testimony to determine that Plaintiff can perform his past relevant work.  (Tr. 23.)  Specifically, the VE testified that Plaintiff could perform a job as a photoengraving printer, a job similar to his past relevant work as a laser data operator.  (Tr. 23, 50.)  Plaintiff argues that the ALJ's finding that Plaintiff could perform his past relevant work was in error because "the record is not clear as to what the Plaintiff actually did as a laser data operator." (Dkt. 15 at 6.)  Plaintiff further argues that the ALJ erred in relying on the VE's testimony because the ALJ's hypothetical questions were insufficient.  (Dkt. 15 at 6.)  Plaintiff asserts that while the ALJ included physical restrictions in the hypothetical posed to the VE, the ALJ failed to instruct the VE on limitations concerning Plaintiff's inability to speak, read, or write in English.  (Dkt. 15 at 6.)

Plaintiff did not include an inability to speak, write, or read in English in his claimed impairments.  (Tr. 39, 209.)  However, the ALJ explored Plaintiff's English fluency and education at the hearing.  (Tr. 41.)  Plaintiff testified that he was born in Panama, where he completed high school, and the record indicates that he completed some college as well.  (Tr. 40, 461.)  Plaintiff also testified that he has lived in the United States since 1998.  (Tr. 40.)  The ALJ asked Plaintiff if he could speak any English, to which Plaintiff replied: "[l]ittle.  Just the necessary.  Like what I learned in school and the little bit I've learned here."  (Tr. 40-41.)  An interpreter was present at the hearing to assist Plaintiff with his testimony.  (Tr. 33.)  The VE was also present for Plaintiff's testimony and reviewed Plaintiff's vocational background prior to testifying.  (Tr. 49.)

Further, at the hearing, the ALJ explored Plaintiff's past relevant work as a laser data operator and the similar occupation of photoengraving printer.  (Tr. 50-53.)  The VE stated that while the Dictionary of Occupational Titles ("DOT") does not include the occupation of laser data operator, it does include the similar occupation of photoengraving printer.  (Tr. 50-51.)  The ALJ

then asked the VE a series of hypothetical questions to determine Plaintiff's ability to perform his past relevant work. (Tr. 50-53.) The VE testified that an individual of Plaintiff's age, education, work experience, and RFC, which accounted for Plaintiff's impairments, could perform work as a photoengraving printer as customarily performed. (Tr. 50-51.) The VE then stated that his testimony was consistent with the DOT. (Tr. 52-53.)

The testimony elicited from the VE led the ALJ to conclude that Plaintiff performed past relevant work as a photoengraving printer. (Tr. 23.) In his decision, while assessing Plaintiff's alleged mental impairments, the ALJ specifically noted that the record reflects that Plaintiff's communication is "logical and coherent" and his "[i]ntelligence was approximated to be average based upon language usage and apparent fund of knowledge." (Tr. 15, 461-462.) Further, the ALJ weighed the testimony, work history reports, and earnings records and concluded that Plaintiff is capable of performing past relevant work as a photoengraving printer and that this occupation would not require Plaintiff to perform work-related activities precluded by his RFC. (Tr. 23.)

Moreover, Plaintiff's lack of fluency in English is not a factor to be considered in determining whether he could return to past work. The ability to communicate in English is a vocational factor related to education, not an impairment under 20 C.F.R. § 404.1569(c)(1)–(2). *See Wolfe v. Chater,* 86 F.3d 1072, 1078 (11th Cir.1996) (providing that illiteracy is not an impairment); 20 C.F.R. § 404.1564(b)(5). The social security regulations make clear that the ability to communicate in English is a vocational factor of education because "the ability to speak, read and understand English is generally learned or increased at school…." 20 C.F.R. § 404.1564(b)(5). Further, under the regulations, if a claimant has the RFC to perform past work, the vocational factor of education is not considered:

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled.

> We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.

20 C.F.R. § 404.1560(b)(3).  Consequently, the issue of Plaintiff's ability to speak, read, or write in English is not addressed in determining whether he can return to work as a photoengraving printer.  *See Hernandez v. Astrue*, No. 8:09-CV-2490-T-TGW, 2010 WL 5387601, at *3 (M.D. Fla. Dec. 22, 2010) (stating, claimant's "lack of fluency in English is not a factor to be considered in determining whether he could return to past work" and the "ability to communicate in English is an aspect of the vocational factor of education" which is not considered if the claimant has the RFC to perform his past relevant work), *aff'd sub nom. Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 n.1 (11th Cir. 2011) (noting, the DOT does not specify that the applicant must be able to perform the job in English).  Therefore, the ALJ did not err in failing to include Plaintiff's fluency in English in his hypotheticals to the VE, and Plaintiff's contention does not warrant reversal.

Plaintiff also contends that the ALJ should have found him disabled under the Medical-Vocational Guidelines, Title 20, Code of Federal Regulations, Part 404, Subpart P, Appendix 2 ("Grids") Rule 202.09.  (Dkt. 15 at 7.)  Plaintiff argues that if a "claimant cannot perform past relevant work, is limited to light work, is approaching advanced age, and is either illiterate or cannot communicate in English," the Grids dictate that he be found disabled.  (Dkt. 15 at 7.)  However, Rule 202.09 applies to claimants whose past work is unskilled.  Rule 202.09.  Plaintiff's past work as a photoengraving printer is skilled with a specific vocational preparation level of eight.  DOT § 971.381-034, 1991 WL 688520; Social Security Ruling 82-41.  Therefore, Rule 202.09 of the Grids does not apply to Plaintiff.

Lastly, Plaintiff argues that he was awarded a subsequent favorable decision finding him disabled beginning July 18, 2014, and the adjudication of this case should be deferred until the Commissioner has provided a copy of the subsequent claims file to Plaintiff.  (Dkt. 15 at 8.) Plaintiff states that "there is opinion evidence in the subsequent claims file generated by employees and agents of the Defendant and in Defendant's exclusive control."  (Dkt. 15 at 8.)

To the extent Plaintiff is making a due process argument, "[t]he fundamental requirement of due process is the right to be heard at a meaningful time and manner." *Costigan v. Comm'r. Soc. Sec. Admin.*, 603 Fed. App'x. 783, 788 (11th Cir. 2015); *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The Eleventh Circuit has found that a claimant who sought to reopen a decision was afforded procedural due process where he "was represented by counsel at an administrative hearing and had the opportunity to present all information relevant to the reopening decision, as well as the right to appeal." *Cherry v. Heckler*, 760 F.2d 1186, 1190–91 (11th Cir.1985).

Here, Plaintiff was assisted by counsel at the administrative hearing before the ALJ.  (Tr. 35.)  Plaintiff presented relevant information at the hearing supporting his arguments, was heard by the ALJ, and has participated in the appeals process.  (Tr. 35-55.)  A subsequent favorable decision does not affect this Court's analysis of whether the ALJ's decision here was supported by substantial evidence.  *See Costigan*, 603 Fed. App'x. at 788 (finding that a claimant's due process rights were not violated where an ALJ's determination was supported by substantial evidence in finding a claimant not disabled, even though the Commissioner found the claimant disabled as of one day after the ALJ's decision).

Moreover, the scope of this Court's review of the ALJ's decision is limited to whether the decision was supported by substantial evidence.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Crawford v. Comm'r. Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  To the extent that

- 9 -

Plaintiff is now requesting the Court to review new evidence which would undermine the ALJ's determination, his contentions misinterpret the narrowly circumscribed nature of the Court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]…even if the evidence preponderates against" the decision. *Moore*, 405 F.3d at 1212 (quoting *Bloodsworth*, 703 F.2d at 1239). This Court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer*, 395 F.3d at 1210.

### CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1.  The decision of the Commissioner is **AFFIRMED**.

2.  The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on March 10, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record